JASON ANAYA
5566 San Juan Way
Pleasanton, CA 94566

*Defendant in Pro Per*

FILED
CLERK, U.S. DISTRICT COURT
DEC 28 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KENNETH FRANCO, VALEN ANAYA, JASON ANAYA, TANNERITE, JKM SHELLS, and Does 1 to 10,<br><br>Defendants.<br><br>JASON ANAYA,<br><br>Cross-claimant,<br><br>v.<br><br>TANNERITE, JKM SHELLS and Roes 1 to 10,<br><br>Cross-defendants | CASE NO.: SACV 18-01175CJC (KES)<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM AGAINST TANNERITE, JKM SHELLS, AND ROES 1 to 10**<br><br>*Demand for Jury Trial* |

COMES NOW Defendant, JASON ANAYA, and in answer to the Complaint of Plaintiff UNITED STATES OF AMERICA, responds as follows:

## ANSWER

### PARTIES

1. In response to Paragraph 1 of Plaintiff's Complaint on file herein, Defendant states that he lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore denies

1  the same.

2  2. In response to Paragraph 2 of Plaintiff's Complaint on file herein, Defendant denies that allegations therein as it relates to himself. Defendant states that he is without sufficient knowledge to admit or deny the balance of the allegations contained therein.

3. In response to Paragraph 3 of Plaintiff's Complaint on file herein, Defendant believes the allegations contained therein to be true.

4. In response to Paragraph 4 of Plaintiff's Complaint on file herein, Defendant believes the allegations contained therein to be true.

## JURISDICTION AND VENUE

5. In response to Paragraph 5 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations.

6. In response to Paragraph 6 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations.

7. In response to Paragraph 7 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations.

## GENERAL ALLEGATIONS

8. In response to Paragraph 8 of Plaintiff's Complaint on file herein, Defendant admits the allegations contained therein.

9. In response to Paragraph 9 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering Defendant asserts the rights afforded to him by the Fifth Amendment to the U.S. Constitution.

10. In response to Paragraph 10 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering Defendant asserts the rights afforded to him by

the Fifth Amendment to the U.S. Constitution.

11. In response to Paragraph 11 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering Defendant asserts the rights afforded to him by the Fifth Amendment to the U.S. Constitution.

12. In response to Paragraph 12 of Plaintiff's Complaint on file herein, Defendant states that a response to this paragraph requires a legal conclusion, and Defendant lacks sufficient knowledge and information to admit or deny the allegations contained therein. To the extent that a response is deemed necessary, Defendant denies the allegations contained therein.

13. In response to Paragraph 13 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering Defendant asserts the rights afforded to him by the Fifth Amendment to the U.S. Constitution.

14. In response to Paragraph 14 of Plaintiff's Complaint on file herein, Defendant states that he lacks sufficient knowledge or information to admit or deny the allegations contained therein.

15. In response to Paragraph 15 of Plaintiff's Complaint on file herein, Defendant states that he lacks sufficient knowledge or information to admit or deny the allegations contained therein.

16. In response to Paragraph 16 of Plaintiff's Complaint on file herein, Defendant states that a response to this paragraph requires a legal conclusion, and Defendant lacks sufficient knowledge and information to admit or deny the allegations contained therein. To the extent that a response is deemed necessary, Defendant denies the allegations contained therein.

17. In response to Paragraph 17 of Plaintiff's Complaint on file herein, Defendant admits the allegations as they relate to answering Defendant, and states that he is without sufficient knowledge or information upon which to admit or deny the balance of the allegations contained therein.

18. In response to Paragraph 18 of Plaintiff's Complaint on file herein, Defendant states that a response to this paragraph requires a legal conclusion, and Defendant lacks sufficient knowledge and information to admit or deny the allegations contained therein. To the extent that a response is

deemed necessary, Defendant asserts the rights afforded to him by the Fifth Amendment to the U.S. Constitution.

## CLAIMS FOR RELIEF

### First Claim for Relief

(Negligence - Against All Defendants)

19. In response to Paragraph 19 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-18 as though fully and completely set forth herein.

20. In response to Paragraph 20 of Plaintiff's Complaint on file herein, this answering Defendant is informed and believes that Tannerite and JMK Shells had the duty to design, manufacture, produce, inspect and supply a target that was safe, could safely be used as a target and could withstand impact with a bullet without exploding and igniting a fire. In response to the balance of the allegations in this paragraph, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering Defendant asserts the rights afforded to him by the Fifth Amendment to the U.S. Constitution.

21. In response to Paragraph 21 of Plaintiff's Complaint on file herein, this answering Defendant is informed and believes that the allegations against Tannerite and JMK Shells are true.

22. In response to Paragraph 22 of Plaintiff's Complaint on file herein, Defendant states that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering Defendant asserts the rights afforded to him by the Fifth Amendment to the U.S. Constitution.

23. In response to Paragraph 23 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

24. In response to Paragraph 24 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent

said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

25. In response to Paragraph 25 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

26. In response to Paragraph 26 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

27. In response to Paragraph 27 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

28. In response to Paragraph 28 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

<u>Second Claim for Relief</u>

(Cal. Public Resources Code §4435 - Against Defendants

Kenneth Franco, Valen Anaya and Jason Anaya)

29. In response to Paragraph 29 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-28 as though fully and completely set forth herein.

30. In response to Paragraph 28 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

31. In response to Paragraph 31 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

### Third Claim for Relief

(Cal. Health & Safety Code §§13001, 13007-13009.1, and

California Civil Code §3287 - Against Defendants)

32. In response to Paragraph 32 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-31 as though fully and completely set forth herein.

33. In response to Paragraph 33 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

34. In response to Paragraph 34 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

### Fourth Claim for Relief

(Trespass by Fire - Against Defendants)

35. In response to Paragraph 35 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-34 as though fully and completely set forth herein.

36. In response to Paragraph 36 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

37. This answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint, and therefore denies the same.

38. In response to Paragraph 38 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

### Fifth Claim for Relief

(Strict Products Liability - Against Defendants Tannerite and JMK Shells)

39. In response to Paragraph 39 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-38 as though fully and completely set forth herein.

40. Paragraph 40 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

41. Paragraph 41 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

42. Paragraph 42 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

43. Paragraph 43 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

44. Paragraph 44 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

### Sixth Claim for Relief

(Breach of Express Warranty - Against Defendants Tannerite and JMK Shells)

45. In response to Paragraph 45 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-44 as though fully and completely set forth herein.

46. Paragraph 46 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

47. Paragraph 47 of Plaintiff's Complaint does not contain allegations against Answering Defendant, and therefore no response is required.

### Seventh Claim for Relief

(Interest and Penalties - Against Defendants)

48. In response to Paragraph 48 of Plaintiff's Complaint on file herein, this answering Defendant incorporates by reference his response to Paragraphs 1-47 as though fully and completely set forth herein.

49. In response to Paragraph 49 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

50. In response to Paragraph 50 of Plaintiff's Complaint on file herein, Defendant asserts that said paragraph contains issues of law, not fact, and therefore no answer is required. To the extent said paragraphs contain issues of fact, this answering defendant denies any and all such allegations as they pertain to this answering Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The occurrence referred to in plaintiff's complaint, and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person, persons, or entities over whom this answering defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

At all times and places alleged in Plaintiff's Complaint, the negligence, misconduct and fault of the plaintiff exceeds that of this answering defendant, if any, and plaintiff is thereby barred from any recovery against this answering defendant, or alternatively, plaintiff's claims are reduced by its applicable percentage of fault if not exceeding this answering defendant's fault.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The damages, if any, to plaintiff were, as alleged in the complaint, proximately caused by a new, independent, and efficient intervening cause and not by any alleged negligence on the part of this answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

That at all times and places referenced in plaintiff's complaint, the damages to plaintiff, if any, as set forth in the complaint, were caused in whole or in part for the lack of want of care on the part of plaintiff.

### NINTH AFFIRMATIVE DEFENSE

That at all times and places referenced in plaintiff's complaint, the damages to plaintiff, if any, as set forth in the complaint, were caused in whole or in part for the lack of want of care on the part of plaintiff.

### TENTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of defendant's answer to complaint, and therefore, this answering defendant reserves the right to amend his answer to the complaint to allege additional affirmative defenses if subsequent investigation so warrants.

### CROSS-COMPLAINT

COMES NOW defendant/cross-complainant, Jason Anaya, in Proper Person, and for his causes of action against cross-defendants TANNERITE, JKM SHELLS, ROES 1 to 10, inclusive, complaints and alleges:

1. Defendant/cross-complainant, Jason Anaya, at all times relevant herein, is and was a resident of the Northern District of California.

2. Upon information and belief, at all times relevant herein, cross-defendant Tannerite is a business entity of unknown organization, headquartered in Oregon, and doing business in California and in the Central District of California. On information and belief, Defendant JKM Shells is a business entity of unknown organization, headquartered in Idaho, and doing business in California and in the Central District of California. Roe Defendants 1 to 10 are individuals and entities whose identity is currently not known and therefore sue said cross-defendants by such fictitious names and pray for leave to amend this cross-complaint when their true names and capacities have been ascertained.

.

## FIRST CAUSE OF ACTION

**Comparative Negligence** - Against all Cross-defendants

3. Cross-complainant incorporates by reference Paragraphs 1 -2 of his cross-complaint as though completely set forth herein.

4. Cross-complainants do not know the true names of cross-defendants, ROES 1 through 10, inclusive, and therefore sue said cross-defendants by such fictitious names and pray for leave to amend this cross-complaint when their true names and capacities have been ascertained.

5. Cross-complainants are informed and believe and on such information and belief, allege that each of the cross-defendants herein are responsible directly or vicariously for the events and happenings referenced in Plaintiff's complaint, and caused or are responsible for the damages sustained by plaintiff.

6. Cross-complainant is informed and believes and therefore alleges that at all times herein mentioned, each of the cross-defendants, named and fictitious, were the agents and/or employees of all the other cross-defendants and were acting within the scope of said agency and/or employment.

7. Cross-complainants incorporate herein by reference the complaint filed by Plaintiff. Said complaint is incorporated herein by reference and has the same force and effect as if set forth herein in full. However, Defendant/Cross-complainant expressly denies the allegations of the complaint as they relate to answering Defendant as set forth in his Answer.

8.   Cross-complainants at all times deny any and all liability in connection with the action in chief, but in the event plaintiff establishes liability in connection with the action in chief, cross-complainant alleges that such liability exists, if at all, only as a direct and proximate result of the acts, omissions, breaches of contract and negligence of cross-defendants, and each of them.

9.   Cross-complainants are entitled as a matter of law to judicial determination, apportioning and affixing the comparative negligence of each cross-defendants for any damages awarded to plaintiffs in this action.

10.  An actual controversy exists between cross-complainant and cross-defendants, and each of them, as to the rights of indemnity and comparison of negligence owing to cross-complainants by cross-defendants and that cross-complainants contend an indemnity obligation exists. Multiplicity of actions will be avoided by resolution of this cross-complaint and the same action as that filed by plaintiffs.

WHEREFORE, cross-complainant prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Equitable Indemnity

11.  Cross-complainant realleges and reincorporates herein by reference each and every allegation set forth in paragraphs 1 through 10 as though fully set forth herein.

12.  Cross-complainant is informed and believes and thereon alleges that if cross-complainant is found to be liable for the damages, if any, allegedly sustained by plaintiff, cross-defendants, and each of them herein, have an equitable duty to indemnify cross-complainant because of the active and primary nature of the conduct of cross-defendants, and each of them, as contrasted with the passive and secondary nature of the conduct of cross-complainant.

13.  Accordingly, cross-defendants, and each of them, are required by law to hold cross-complainants harmless and to indemnify them for the amount of any judgment or settlement they may be compelled to pay and for cross-complainants' expenses, costs or suit, attorneys' fees, and other damages which cross-complainants incur as a result of this action.

14.  An actual controversy exists between cross-complainant and cross-defendants, and each of them, under the circumstances alleged above. Cross-complainant contends that the cross-

defendants are obligated to hold them harmless and reimburse them for any judgment or settlements and expenses, costs of suit, attorneys' fees, and other damages incurred. Cross-complainant is informed and believes and thereon alleges that cross-defendants, and each of them, deny that they have this obligation. Multiplicity of actions will be avoided by resolution of this cross-complaint and the same action as that filed by plaintiff.

WHEREFORE, cross-complainant prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### Contribution

15. Cross-complainant realleges and reincorporate herein by reference each and every allegation set forth in paragraphs 1 through 14 as though fully set forth herein.

16. Cross-defendants acts and/or omissions were entirely or partly responsible for Plaintiff's damages, if any.

17. If Cross-complainant is found liable for any amounts, sums, attorneys' fees and costs, damages or any other relief, or payment is made by Cross-complainant to Plaintiff arising out of the subject Rock Fire, then Cross-complainant is entitled to contribution from cross-defendants, and each of them, in a percentage equal to each of cross-defendants fault, whether that fault is related to products liability or negligence claims.

18. As a direct and proximate result of the actions, conduct and/or omissions of cross-defendants, and each of them, Cross-complainant has suffered damages and is entitled to contribution for the amount of any judgment or settlement they may be compelled to pay and for cross-complainants' expenses, costs or suit, attorneys' fees, and other damages which cross-complainants incur as a result of this action.

### PRAYER FOR RELIEF

WHEREFORE, Cross-complainant prays for judgment as follows:

1. Plaintiff takes nothing by reason of its complaint on file herein;
2. That the same be dismissed with prejudice;
3. General and special damages against cross-defendants in an amount to be determined at trial, or by the court;

4.   Pre and Post Judgment interest;

5.   All costs incurred;

6.   Attorneys' fees, if any; and

7.   All such further relief as the Court deems necessary, proper and appropriate.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: December 19, 2018

By: _____
JASON ANAYA
*Defendant In Pro Per*