NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division
KEVIN B. FINN (Cal. Bar No. 128072)
SARAH QUIST (Cal. Bar No. 288264)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6739 / 0609
    Facsimile: (213) 894-7819
    Email: kevin.finn@usdoj.gov
    E-mail: sarah.quist@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH FRANCO, VALEN ANAYA, JASON ANAYA, TANNERITE, JKM SHELLS, AND DOES 1 TO 10,<br><br>    Defendants. | Case No. 8:18-cv-01175-CJC-KES<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>Honorable Cormac J. Carney<br>United States District Judge |

## I. INTRODUCTION

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26-1 of the Local Rules of the Central District of California, and by Orders of this Honorable Court dated October 23, 2018 and January 4, 2019 (ECF No. 20, 28), Plaintiff United States of America, Kenneth Franco, through undersigned counsel, and Valen Anaya, and Jason Anaya, hereby submit their Joint Report.[1] The initial Conference of Parties took place telephonically on February 11, 2019, between Sarah Quist and Kevin Finn for Plaintiff United States of America and Lizinka C. Benton-Rzeznik for Kenneth Franco, Valen Anaya, and Jason Anaya. The parties discussed the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. The parties also made arrangements for the disclosures required by Rule 26(a)(1) and developed a proposed discovery plan, as set forth herein below.

In this case, Plaintiff United States of America alleges it incurred damages due to the Rock Fire, which began on May 4, 2013. The Rock Fire burned approximately 51 acres of National Forest System lands within the Los Padres National Forest in Santa Barbara County, California. Forest Service investigators determined the Rock Fire ignited when Defendant Kenneth Franco shot a target designed and manufactured by Defendant Tannerite, and supplied by Defendant JMK Shells, which exploded and ignited dry vegetation surrounding the target. The United States seeks over $361,000 in damages.

The United States alleges that the fire started as a result of Defendants' negligence and defective product. The principal issues in the case are whether Defendants are liable for causing the Rock Fire, whether the fire caused the United States' damages, and, if so, the amount of the United States' damages.

---

[1] Counsel for Tannerite and JKM Shells did not participate in the conference of parties but have joined this report.

II. **DISCOVERY PLAN - REQUIRED BY FED. R. CIV. P. 26(f)**

    A.    **Rule 26(a) Disclosures (Rule 26(f)(3)(A))**

The parties will make the disclosures required by Rule 26(a)(1) on or before February 25, 2019. Thereafter, such exchanges of information will be supplemented as appropriate.

The parties propose the following schedule:

- Deadline to file motions to amend pleadings/add parties: April 1, 2019
- Initial expert disclosure & report deadline: November 12, 2019
- Rebuttal expert disclosure & report deadline: December 3, 2019
- Discovery cut-off for all discovery: January 7, 2020
- Last date for hearing motions: January 7, 2020
- Last day to conduct settlement conference: January 10, 2020
- Deadline to file motions in limine, proposed voir dire questions, and agreed-to statement of case: January 27, 2020
- Deadline to file oppositions to motions in limine: February 3, 2020
- Deadline to lodge memoranda of contentions of fact and law: February 3, 2020
- Deadline to lodge final pretrial conference order, joint statement of the case, joint exhibit and witness lists, and joint jury instruction and verdict forms: February 17, 2020
- **Final pretrial conference: February 24, 2020, at 1:30 p.m.**
- **Jury trial: March 10, 2020, at 8:30 a.m.**

The parties believe that the discovery period is appropriate given the technical records and given the time required for experts to review the records. Trial in this case will be by jury. The parties estimates that the trial will take 3–4 days. The parties do not propose severance, bifurcation, or any other change to the ordering of proof.

    B.    **Issues Regarding Discovery (Rule 26(f)(3)(B))**

        1.    **Subjects on Which Discovery May Be Needed**

The parties shall conduct discovery concerning the claims raised by Plaintiff in the Complaint and the defenses raised by Defendants in their Answers. After an evaluation

2

of the materials identified by way of initial disclosure, the parties anticipate propounding requests for admissions, interrogatories, and requests for production of documents and other tangible things. In addition to written discovery, the parties anticipate deposing percipient witnesses. The parties agree to work cooperatively to schedule depositions on dates convenient for all involved, to the extent practicable.

### 2. When Discovery Should Be Completed

All discovery should be completed on or before January 7, 2020. The parties do not propose that discovery be conducted in phases or limited to or focused on particular issues.

#### a. Depositions

Depositions will be noticed at least 14 days in advance, absent separate agreement of the parties, such as for expert depositions.

#### b. Written Discovery

Written discovery will be propounded no later than 45 days prior to the discovery cut off of January 7, 2020.

### C. Issues Related To Disclosure Of Electronically Stored Information (Rule 26(f)(3)(C))

The parties agree that they will facilitate production of documents by third parties, including by promptly signing any necessary authorizations for release of records by those third parties.

The parties have agreed to initially produce digital scanned or hard copies of all relevant documents. The parties agree that that the documents exchanged in this matter, including the documents disclosed as part of the parties' initial disclosures, will be Bates-stamped and provided in either hard-copy or as PDF files, which can be exchanged by being saved on a CD or DVD or exchanged by email or cloud server. The parties will seek to resolve any unforeseen electronic discovery issues in good faith if the issues arise.

///

### D. Issues Related To Claims Of Privilege Or Protection Of Trial-Preparation Material (Rule 26(f)(3)(D))

The parties anticipate a joint protective order may be requested by Defendants Tannerite and JMK Shells.

### E. Changes To Limitations On Discovery (Rule 26(f)(3)(E))

The parties do not request that the Court change the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, nor do the parties propose other limitations. However, the parties reserve the right to make such requests prior to the discovery cutoff date.

### F. Additional Orders (Rule 26(f)(3)(F))

#### 1. Rule 26(c) Orders

The parties at this time do not anticipate seeking any orders pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. However, the parties reserve the right to pursue such orders as needed prior to the discovery cutoff date.

#### 2. Rule 16(b) Orders (Rule 16(b)(3))

##### (1) Deadline to Join Parties and Amend Pleadings (Rule 16(b) and Local Rule 26-1(e))

The parties propose April 1, 2019 as the deadline to join other parties. The parties are not aware of other parties likely to be added at this time. The parties do not anticipate any amendments of the pleadings.

##### (2) Deadline to Complete Discovery

The parties propose January 7, 2020 as the deadline to complete all discovery.

##### (3) Deadline to File Motions (Rule 16(b) and Local Rule 26-1(b))

Tannerite and JKM Shells anticipate filing a dispositive motion, and all parties reserve the right. The parties propose January 13, 2020 as the last date for hearing dispositive motions.

### (4) Proposed Modifications of Times for Disclosure

The parties have proposed changes to the times for disclosure under Rule 26(a)(2) as set forth above.

### (5) Proposed Modifications of Extent of Discovery

The parties proposed no modifications regarding the extent of discovery.

### (6) Proposed Provisions for Disclosure of Electronically Stored Information

The parties have agreed to produce hard copies of all relevant documents and to work together in good faith should any electronic discovery issues arise.

### (7) Proposed Agreements for Asserting Claims of Privilege of Trial-Preparation Material

The parties do not propose any special procedure regarding privilege or protection of trial-preparation material.

### (8) Proposed Date for Conferences Before Trial, Final Pretrial Conference, and Trial (Rule 16(b) and Trial Estimate - Local Rule 26-1(d))

The parties propose February 24, 2020 as the date for the Final Pretrial Conference. The parties propose March 10, 2020 as the date for trial.

The parties estimate that the trial of this matter shall require 3-4 days.

## 3. Rule 16(c) Orders

### (1) Advisability of Referring Matters to Magistrate Judge

The parties respectfully do not consent to reference of this matter to the Magistrate Judge.

### (2) Settlement Procedures (Rule 16(c) and ADR under Local Rule 26-1(c))

The parties have begun preliminary discussions concerning settlement of this action. The parties have agreed to submit to Settlement Procedure No. 2, before a mediator from the Court's Mediation Panel, pursuant to Local Rule 16-15. The parties

are exploring scheduling an early settlement conference and propose January 10, 2020 as the last day to conduct a settlement conference.

### (3) **Form and Substance of Pretrial Order**

The Pretrial Conference Order shall be completed in the manner and form contemplated by Local Rule 16-6 and this Court's Standing Order.

/ / /

/ / /

### III. ADDITIONAL ISSUES - REQUIRED BY LOCAL RULE 26-1

#### A. Complex Cases (Local Rule 26-1(a))

The parties agree that the Manual for Complex Litigation does not apply.

Respectfully submitted,

Dated: February 15, 2019

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division

/s/ Sarah Quist
KEVIN B. FINN
SARAH QUIST
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 15, 2019

HAGER & DOWLING

/s/
LIZINKA C. BENTON-RZEZNIK
THOMAS J. DOWLING
Attorney for Defendant
KENNETH FRANCO

Dated: February 15, 2019

/s/
VALEN ANAYA
Defendant

Dated: February 15, 2019

/s/
JASON ANAYA
Defendant

Dated: February 15, 2019

HARRANG, LONG, GARY, RUDNICK PC

/s/
LORELEI ANN CRAIG
Attorney for Defendants
TANNERITE AND JKM SHELLS

**Attestation of Filer:** I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 15, 2019      /s/ Sarah Quist
SARAH QUIST

## CERTIFICATE OF SERVICE BY MAIL

I am over the age of 18 and not a party to the referenced action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On **February 15, 2019** I served JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f) on each person or entity named below by enclosing a copy in an envelope with postage fully prepaid, and placing said envelope in the United States mail at Los Angeles, California. The envelope was addressed as follows:

JASON ANAYA
5566 SAN JUAN WAY
PLEASANTON, CA 94566

VALEN ANAYA
2291 SEGUNDO COURT, #3
PLEASANTON, CA 94588

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **February 15, 2019**, at Los Angeles, California.

DATED: February 15, 2019

_____
LOUISA LIN